UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERESA KELLY, et al.,

    Plaintiffs,

v.

ELI LILLY AND COMPANY,

    Defendant.

Case No. 14-cv-03869-JST

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**

Re: ECF No. 26

Before the Court is Plaintiff's First Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 26. Defendant has opposed the motion. ECF No. 32. For the reasons set forth below, the Court will grant the motion.

## I.   BACKGROUND

Plaintiffs filed this case as a pharmaceutical liability class action relating to Cymbalta, a prescription drug that Defendant manufactures and sells. See ECF No. 1. A number of similar cases have been filed in other federal district courts, but Plaintiffs filed this case in this district because it is the district in which they were prescribed and took Cymbalta, and in which they allege they suffered harmful withdrawal effects. ECF No. 26 at 4.

After this case was filed, the Judicial Panel on Multi-District Litigation ("JPML") considered whether this case should be consolidated with others filed elsewhere as a Multi-District Litigation ("MDL"). Id. The JPML concluded that because the three first-filed Cymbalta cases had progressed significantly, while a number of other cases were only in their nascent stages, the cases were not proper for pre-trial consolidation as an MDL. Id. The JPML advised, however, that because most of the cases involved a relatively small group of counsel, counsel for the parties should attempt to informally coordinate the proceedings of the many cases. Id.

On March 13, 2015, Plaintiffs filed their motion to voluntarily dismiss this case without

1 prejudice so that the case could be re-filed in the Southern District of Indiana, the district in which
2 Defendant's principal place of business is located, and the state in which Defendant is
3 incorporated. Id. at 4-5.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The rule gives the court discretion to decide whether to grant the motion. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980) (citations omitted). The Court may dismiss with or without prejudice, but "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

"[A] district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." Waller v. Financial Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987). The inconvenience of having to defend a lawsuit in a different forum, or plaintiff's ability to gain a tactical advantage by voluntarily dismissing the case, do not establish plain legal prejudice. Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982) (citations omitted). "Plain legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). Examples of such plain legal prejudice include "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." Id.

## III.  DISCUSSION

Plaintiffs ask the Court to grant their motion to dismiss without prejudice because doing so will allow Plaintiffs to re-file this case in Indiana, which will allow the parties to more easily coordinate the litigation of this case with other Cymbalta cases. According to Plaintiffs, dismissal will thereby serve the interest of judicial economy. Defendants disagree and also argue that Plaintiff's motion for voluntary dismissal is merely a thinly-veiled motion to transfer venue that should be subject to the more demanding requirements for transfer.

Both parties agree that the potential prejudice Defendant will suffer if the Court grants the motion is that Defendant will lose the ability to compel the trial testimony of Plaintiffs' treating

physicians, who are located in this district. Both parties also agree that the physicians' deposition testimony can be captured on video and played at trial.

Weighing these factors, the Court finds that the prejudice claimed by Defendant is not sufficient to compel denial of Plaintiffs' motion. While Defendant is correct that live testimony is preferable to video, the Court cannot say that using video testimony from just these witnesses, whose number is unknown, will have a significant effect on the trial. Certainly the inability to compel in-person testimony of an unknown number of witnesses does not represent legal prejudice equivalent to the loss of a federal forum in which to litigate, the loss of a defense, or the loss of the right to a jury trial. The Court also cannot conclude that this potential prejudice outweighs the substantial benefits of consolidating the litigation in a single forum. Significantly, Defendant has not identified any case in which another court has denied a plaintiff's motion for voluntary dismissal on similar grounds. Accordingly, the Court finds that Plaintiffs' motion for voluntary dismissal should be granted.

Under Rule 41(a)(2), the Court has discretion to condition the grant of Plaintiffs' motion "on terms that the court considers proper." Plaintiffs have acknowledged that "proper" terms here could include conditioning the dismissal "upon the payment of appropriate costs and attorneys' fees." ECF No. 26 at 8. Defendant requests this relief. ECF No. 32 at 14.

The Court agrees that an appropriate condition for the grant of this motion is an award of reasonable attorneys' fees and costs. Such relief is limited, however, to "attorneys fees or costs for work which is not useful in continuing litigation between the parties." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).

The parties are ordered to meet and confer regarding a fair and appropriate award of fees and costs using this standard. If they reach agreement, they are ordered to submit a proposed order by May 22, 2015. If the parties are unable to agree, they shall file competing proposals of not more than ten pages each by the same date. The Court will then take the matter under submission. See Sage Electrochromics, Inc. v. View, Inc., No. 12-CV-6441-JST, 2014 WL 1379282, at *3 n.3 (N.D. Cal. Apr. 8, 2014).

3

**CONCLUSION**

The Court hereby dismisses this case without prejudice. Plaintiffs are ordered to pay Defendant's reasonable fees as set forth above. The Court will retain jurisdiction over the award of fees and costs. <u>K.C. ex rel. Erica C. v. Torlakson</u>, 762 F.3d 963, 968 (9th Cir. 2014).

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: April 30, 2015

_____
JON S. TIGAR
United States District Judge