UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA KELLY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | Case No. 14-cv-03869-JST<br><br>**ORDER SELECTING ATTORNEYS' FEES AND COST PROPOSAL AND ORDERING REIMBURSEMENT OF $610.00 IN COSTS**<br><br>Re: ECF Nos. 35, 36, 37 |

On April 30, 2015, the Court granted Plaintiffs' Motion for Voluntary Dismissal of this action without prejudice. See ECF No. 35. In its Motion for Voluntary Dismissal, Plaintiffs suggested that an appropriate condition of granting dismissal would be to award attorneys' fees and costs to Defendant for time and effort spent litigating this action before this Court. See ECF No. 26 at 8-9. The Court adopted this condition and ordered the parties to meet and confer regarding what fees and costs would be appropriate and "not useful in continuing litigation between the parties." See ECF No. 35 at 3 (citing Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993)). If the parties agreed on an appropriate award of fees and costs, they were to submit a proposed order giving effect to that agreement by May 22, 2015. Id. If, however, the parties were unable to agree, they were ordered to submit to the Court competing proposals by the same date, and the Court would choose the more reasonable proposal. Id. (citing Sage Electrochromics, Inc. v. View, Inc., No. 12-cv-6441-JST, 2014 WL 1379282, at *3 n.3 (N.D. Cal. Apr. 8, 2014)).

After meeting and conferring, on May 21, 2015, Defendant filed a Motion for Attorney Fees-Proposal for Award of Fees and Costs in which it asked the Court to award it $610.00 in fees for attorneys to appear in this District pro hac vice, and also asked for $4,400.00 in fees associated with the preparation of its opposition to Plaintiffs' motion for voluntary dismissal. See ECF No.

36. On May 22, 2015, Plaintiffs filed their proposal, in which they agreed that they should be responsible for $610.00 in pro hac vice fees, but disputed that Defendant was reasonably entitled to fees associated with its preparation of its opposition to Plaintiffs' Motion for Voluntary Dismissal. See ECF No. 37. Plaintiffs explained, in convincing detail, that approximately two-thirds of the opposition that Defendant filed in this case was "'cut and pasted' from pleadings filed in two other earlier action [sic] for which the same relief was requested (and granted)." ECF No. 2. Plaintiffs also pointed out that a substantial portion of Defendant's opposition was devoted to discussing the standard applicable to a motion to transfer venue, which was not relevant to the motion for voluntary dismissal that Plaintiffs filed in this Court. See id. at 6-7.

Having reviewed the parties' proposals and associated documentation, the Court concludes that Plaintiffs' submission is the more reasonable. The Koch court distinguished between fees and costs associated with work that is useful solely in litigation that is voluntarily dismissed, and fees and costs associated with work that is useful elsewhere. See Koch, 8 F.3d at 652 (permitting recovery of "those expenses incurred solely on account of [this] action."). Plaintiffs have made a strong case that the opposition Defendant filed here has not been useful solely in this litigation, the majority of it having been lifted from oppositions filed in two other cases. Defendant also fails to explain why it should be reimbursed for the substantial portion of the opposition that addressed the irrelevant issue of venue transfer pursuant to 28 U.S.C. § 1404.

For the foregoing reasons, the Court hereby adopts Plaintiffs' proposal and orders Plaintiffs to pay to Defendants $610.00, which represents the costs associated with Defendant's pro hac vice applications before this Court.

IT IS SO ORDERED.

Dated: May 28, 2015

_____
JON S. TIGAR
United States District Judge